IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JENNIFER D. McDANELL, as
Administratrix of the Estate
of ROBERT LEON McDANELL,

    Plaintiff,

v.                                  Civil Action No. 5:14CV81
                                                    (STAMP)

PRECISION PIPELINE, LLC,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

The plaintiff originally filed this action in the Circuit Court of Brooke County, West Virginia. The plaintiff, as Administratrix for the Estate of her husband, Robert Leon McDanell, (the "decedent"), asserts claims arising out of decedent's death while working a job site selected by the defendant. The plaintiff asserts that the working conditions were unsafe and the defendant's conduct violated West Virginia Code § 23-4-2.

The defendant removed this action to this Court, based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiff then filed a motion to remand arguing that the defendant has failed to establish that the amount in controversy is met. The plaintiff asserts that the defendant did nothing more than allege that because the plaintiff alleges an injury resulting in the

fatality of the decedent, the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

The defendant filed a response arguing that the amount in controversy exceeds $75,000.00 exclusive of interest and costs based on the numerous types of damages sought by the plaintiff. The defendant then proceeded to estimate the amount of future economic loss, funeral expenses, and non-economic losses. The estimates as to future economic loss are also provided in an affidavit attached to the response.

The plaintiff filed a reply arguing first, that this case is a deliberate intent case, and wage loss, standing alone, is not a recoverable item of damages in this type of action. She asserts that wage loss would only be relevant if the defendant provided proof of wages that were uncompensated under the workers' compensation system.

## II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id. Although courts strictly construe the statute granting removal jurisdiction, Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. Mullins v. Harry's Mobile Homes, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

### III. Discussion

As stated above, the burden of establishing the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151.

This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins, 861 F. Supp. at 23. In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

The defendant attempts to establish the amount in controversy based on the decedent's lost wages, average funeral costs, and the fact that the plaintiff is seeking non-economic damages for physical pain, mental and emotional anguish, and psychological damages incurred by the decedent prior to his death. First, the defendant's lost wage analysis is not helpful in determining the amount in controversy in this action. In a deliberate intent action pursuant to West Virginia Code § 23-4-2, like the plaintiff's action, any award to the plaintiff can be "offset for any workers' compensation benefits received as a result of the employee's injury or death." Powroznik v. C. & W. Coal Co., 445 S.E.2d 234, 237 (W. Va. 1994). The defendant has failed to allege that these lost wages were not provided for under the workers' compensation system and, therefore, this Court cannot at this time

4

find that based on damages of lost wages, the defendant has established the requisite amount in controversy.

The defendant does allege other damages, including the funeral expenses and non-economic damages, but such damages are merely speculative. As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); and Haynes v. Heightland, 2006 U.S. Dist. LEXIS 19194 *3 (N.D. W. Va. 2006). With regard to claims for which the plaintiffs make no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument").

In this instance, the defendant can only speculate that the cost of the funeral was somewhere between $6,000.00 and $10,000.00. As to the non-economic damages, the defendant does not begin to estimate the actual amount of damages that are at issue. Instead, the defendant merely states that such damages make up the bulk of recovery in a wrongful death case. The defendant also states that because the decedent died and because the decedent was married and

5

survived by other beneficiaries, this will likely increase any award for non-economic damages. Again, such statements only amount to speculation and are not sufficient to establish the defendant's burden of proving that the amount in controversy exceeds $75,000.00 exclusive of interest and costs by a preponderance of the evidence.[1]

IV. Conclusion

For the aforementioned reasons, the plaintiff's motion to remand (ECF No. 6) is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Brooke County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

[1] If the defendant uncovers evidence through the discovery process that brings to light new facts that justify removal under the amount in controversy theory, within a year of the filing of this lawsuit, the defendant may file a second notice of removal. 28 U.S.C. §§ 1446(b), 1446(c), 1447, 1447(c).

DATED:    August 21, 2014

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE